| Case No.: | ED CV 18-01505 AB (RAO) | Date: | September 25, 2018 |
|---|---|---|---|
| Title: | Hicks v. Doe, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

## I. INTRODUCTION

On July 17, 2018, Plaintiff Romeo Righteous Hicks ("Plaintiff"), a California prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 ("Complaint"). (Dkt. No. 1.) On July 25, 2018, the Court dismissed Plaintiff's complaint with leave to amend within 30 days. (Dkt. No. 4.) Plaintiff did not file an amended complaint by the deadline, so the Court dismissed the case on September 6, 2018. (Dkt. No. 5.)

On September 11, 2018, Plaintiff filed a request for extension of time, a First Amended Complaint ("FAC"), and a request to proceed without prepayment of filing fees. (Dkt. No. 6.) The Court construed Plaintiff's request as a motion for reconsideration, and on September 19, 2018, the Court reopened the case. (Dkt. No. 7.) On September 25, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis*. (Dkt. No. 8.)

For the reasons set forth below, the Court **DISMISSES** the FAC with leave to amend.

## II. THE SCREENING REQUIREMENT

Congress mandates that district courts screen complaints in civil actions where a prisoner seeks redress from a government entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint or any portions thereof before service of process if it concludes that the complaint is (1) frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | ED CV 18-01505 AB (RAO) | Date: | September 25, 2018 |
| Title: | Hicks v. Doe, et al. | | |

§ 1915A(b)(1)-(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rules of Civil Procedure ("FRCP") Rule 8 as it would when evaluating a motion to dismiss under FRCP 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). That is, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (quotations omitted). The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

When the Court reviews a complaint for sufficiency, it considers whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim the [defendants] deprived him of his clearly established constitutional rights." *See Iqbal*, 556 U.S. at 666. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.* at 678 (alterations in original) (citations omitted).

The Court may consider exhibits attached to the pleading and incorporated by reference, but is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences. *See Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also* Fed. R. Civ. P. 10(c). Nor is the Court required to accept as true allegations that are contradicted by the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

### III. LEGAL STANDARDS

#### A. 42 U.S.C. § 1983

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | ED CV 18-01505 AB (RAO) | Date: | September 25, 2018 |
| Title: | Hicks v. Doe, et al. | | |

of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

Section 1983 does not create substantive rights, but instead acts as a vehicle for bringing federal constitutional and statutory challenges to actions by state and local officials. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. Eighth Amendment

The government must give medical care to incarcerated persons. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Failure to do so can constitute an Eighth Amendment violation. *Id.* In order to prevail on an inadequate medical care claim, a plaintiff must show "deliberate indifference to his serious medical needs." *Id.* (quotations omitted). In the Ninth Circuit, the test for deliberate indifference consists of two parts. *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* (citations and internal quotation marks omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id*.

To satisfy the first prong, a plaintiff must demonstrate the existence of a serious medical need, which exists when the failure to treat the condition may result in significant injury or cause the unnecessary and wanton infliction of pain. *Id.* Indications of a serious medical need include injuries a reasonable doctor or patient would find important and worthy of treatment, the presence of a medical condition which significantly affects a person's daily activities, or the existence of chronic and substantial pain. *See McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992).

"Th[e] second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096; *see Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a plaintiff must show an official knew of and disregarded a serious risk to his health). "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: ED CV 18-01505 AB (RAO)　　　　　　　　　　Date: September 25, 2018
Title: 　　　Hicks v. Doe, et al.

by the way in which prison physicians provide medical care,'" but "an 'inadvertent [or negligent] failure to provide adequate medical care' alone does not state a claim." *Jett*, 439 F.3d at 1096 (alteration in original) (citations omitted). "A difference of opinion does not amount to a deliberate indifference to [a prisoner's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

### C. Due Process in Disciplinary Proceedings

Prisoners may not be deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state laws or policies. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005); *Wolff*, 418 U.S. at 556-58. "If a protected liberty interest is at stake, then the court must determine whether the procedures used to deprive the prisoner of that liberty violate due process." *Brown v. Oregon Dept. of Corrections*, 751 F.3d 983, 987 (9th Cir. 2014) (citation omitted).

"[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. However, a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the limitations set forth in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). *Wilkinson*, 545 U.S. at 222. "[T]he touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Id.* at 223 (citing *Sandin*, 515 U.S. at 484). The *Sandin* standard requires a court to determine if the restrictive conditions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

"There is no single standard for determining whether a prison hardship is atypical and significant, and the condition or combination of conditions or factors requires case by case, fact by fact consideration." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)) (internal citations and punctuation omitted). *Sandin* provides three guideposts, which provide a framework: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | ED CV 18-01505 AB (RAO) | Date: | September 25, 2018 |
| Title: | Hicks v. Doe, et al. | | |

condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. *Ramirez*, 334 F. 3d at 861 (citing *Sandin*, 515 U.S. at 486-87).

If a deprivation creates an "atypical and significant hardship," then the court must determine whether the procedures used to deprive the prisoner of that liberty satisfied due process. *See Ramirez*, 334 F.3d at 860. Prisoners are not due the "full panoply of rights" due to a criminal defendant, and "there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff*, 418 U.S. at 556. Due process in prison disciplinary proceedings where a liberty interest is at stake requires written notice of the charges at least 24 hours before the hearing, the opportunity to call witnesses and present documentary evidence where doing so would not be unduly hazardous to institutional security or correctional goals, an opportunity to seek staff or inmate assistance when the inmate is illiterate or the issues are complex, and a written statement as to the evidence relied upon and the reasons for the disciplinary action taken. *See id.* at 563-70. The decision must also be supported by "some evidence in the record." *See Superintendent v. Hill*, 472 U.S. 445, 454-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

### D. Conspiracy

"A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). The plaintiff must show that the conspiring parties reached a unity of purpose, or a common design and understanding, or a meeting of the minds in an unlawful arrangement. *Id.* A defendant's participation in the conspiracy may be inferred from circumstantial evidence or evidence of the defendant's actions. *Id.* at 856-57. The plaintiff must state specific facts to support the existence of the claimed conspiracy, and may not support a conspiracy claim with only conclusory allegations. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Conspiracy is not itself a constitutional tort under Section 1983 and there must be an underlying constitutional violation. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc).

## IV. DISCUSSION

The FAC alleges Defendant Doctor John Doe and Defendant Nurse Jane Doe were deliberately indifferent to Plaintiff's medical needs. (See Dkt. No. 6 at 3-4.) The FAC also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | ED CV 18-01505 AB (RAO) | Date: | September 25, 2018 |
| Title: | Hicks v. Doe, et al. | | |

alleges that Defendant Geo Officer Bartkowski, Defendant Olive, and Defendant Blackford denied Plaintiff due process during a prison disciplinary proceeding. (*See id.*)

### A.   Eighth Amendment Claim

Plaintiff alleges that had been issued a chrono for the use of crutches as an accommodation for the remainder of the month. (*See* Dkt. No. 6 at 3.) A few days after issuing the chrono, Defendant John Doe "abruptly" took Plaintiff's crutches away. (*Id.* at 3-4.) Defendant Jane Doe told Plaintiff that his crutches were taken away due to Plaintiff's "verbal altercation" with Defendant Bartkowski the day before. (*Id.* at 3.) Plaintiff alleges that he collapsed and "re-injured, further injured, or injured" his foot due to instability and being forced to walk on his injured foot without crutches. (*Id.*)

Liberally construed, Plaintiff appears to plead a claim against Defendant John Doe for deliberate indifference to Plaintiff's serious medical need. However, Plaintiff does not state a claim against Defendant Jane Doe. Plaintiff states only that she told him why his crutches were taken away. Plaintiff does not allege any other action by Defendant Jane Doe, and he does not explain how she violated his rights. Accordingly, Plaintiff fails to state a claim against Defendant Jane Doe. *See West*, 487 U.S. at 48 (a plaintiff asserting a section 1983 claim must allege a constitutional violation); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (allegations regarding causation must be individualized and must focus on the duties and responsibilities of the defendant "whose acts or omissions are alleged to have caused a constitutional deprivation" (citations omitted)).

### B.   Due Process Claim

Plaintiff alleges that Defendant Bartkowski created a "fake story" and forged a disciplinary write-up that was contradicted by video. (Dkt. No. 6 at 3.) Plaintiff contends that in reality, Plaintiff was verbally assaulted due to his injuries. (*Id.*) Plaintiff states that he tried to prove his innocence by providing evidence that would show that Defendant Bartkowski and other staff had harassed Plaintiff. (*Id.*) Plaintiff attempted to show a video to Defendant Olive that would prove that Defendant Bartkowski had lied about the story. (*See id.*)

At Plaintiff's disciplinary hearing with Defendant Olive, Plaintiff was not provided with the video evidence that he had requested. (*Id.*) Plaintiff was provided with his requested witnesses, and he was able to cross-examine and question them. (*Id.*) Plaintiff contends that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: ED CV 18-01505 AB (RAO)  Date: September 25, 2018
Title: Hicks v. Doe, et al.

both of his requested staff witnesses were on speakerphone at the same time, in violation of CDCR regulations. (*Id.*) Plaintiff alleges that he was also denied due process when Defendant Blackford failed to allow Plaintiff to identify his harassers in a line-up. (*Id.* at 4.) Plaintiff contends that when he received the final copy of his write-up, Defendant Bartkowski, who was one of Plaintiff's witnesses, was not recorded as a participant. (*Id.* at 3.) Plaintiff was found guilty, and he was sentenced to "extra duty/labor work," despite both his use of crutches at the hearing and his upcoming MRI. (*Id.*)

1. Liberty or Property Interest[1]

The Court finds that Plaintiff fails to state a liberty or property interest. Plaintiff has not alleged that his disciplinary proceeding affected the duration of his sentence. The Court must then consider whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, the duration of the condition, and the degree of restraint imposed. *See Ramirez*, 334 F. 3d at 861 (citing *Sandin*, 515 U.S. at 486-87).

The FAC contains no additional information about the Plaintiff's "extra duty/labor work" while he was injured, such as the conditions of the work or how long he was required to do it. Plaintiff has not alleged sufficient facts regarding the disruption to his environment to state that he suffered an atypical and significant hardship according to the *Sandin* guideposts.

2. Procedural Protections at Disciplinary Hearing

Plaintiff alleges that at his disciplinary proceeding with Defendant Olive, the video he requested was not provided. (Dkt. No. 6 at 3.) A prisoner "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. Nothing in the FAC suggests that Plaintiff was denied his requested video evidence because of a safety

---

[1] The Ninth Circuit has found that a prisoner's due process rights can be violated under certain circumstances even if the plaintiff has not demonstrated a cognizable liberty interest. In *Burnsworth v. Gunderson*, the Ninth Circuit applied the "some evidence" requirement from *Hill* notwithstanding the absence of a cognizable liberty interest, and affirmed the district court's expungement order as the appropriate remedy for the wrong suffered by the plaintiff. 179 F.3d 771, 774 (9th Cir. 1999). Here, the FAC's allegations are insufficient for the Court to determine what the disciplinary write-up alleged and whether there was "some evidence" to support Plaintiff's disciplinary finding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: ED CV 18-01505 AB (RAO)　　　　　　　　　　Date:　September 25, 2018
Title:　　　Hicks v. Doe, et al.

concern or other correctional goal. The Court finds that, at this stage, Plaintiff has sufficiently alleged that the refusal to allow Plaintiff to present his requested evidence did not comport with the due process requirements of *Wolff*.

Plaintiff also alleges that Defendant Bartkowski was not recorded as a witness on the written statement of decision. (Dkt. No. 6 at 3.) Plaintiff asserts that this omission indicates that "the questions the plaintiff asked him weren't recorded [and] neither was the defendant's position on the event." (*Id.*) However, Plaintiff acknowledges that, despite the omission of Defendant Bartkowski on the written statement of decision, he was indeed permitted to question him during the disciplinary proceeding. Even if he had not, the omission does not give rise to a claim, as the Due Process Clause generally does not require confrontation and cross-examination of an accuser in a prison disciplinary proceeding. *See Wolff*, 418 U.S. at 567-68.

Plaintiff contends that Defendant Blackford denied Plaintiff due process by failing to allow him to identify the officers who harassed him in a line-up. (Dkt. No. 6 at 4.) However, this alone is insufficient to establish a violation of due process. *See Wolff*, 418 U.S. at 556 (due process requires written notice, the opportunity to call witnesses and present evidence, assistance when the inmate is illiterate or the issues are complex, and a written decision). Plaintiff does not contend that he sought to call the identified officers as witnesses, nor does he explain the officers' connection to his disciplinary write-up and proceeding. Accordingly, Plaintiff fails to state a claim on this basis.

Finally, Plaintiff alleges that both of the staff witnesses were on speakerphone at the same time, in violation of CDCR regulations. (Dkt. No. 6 at 3.) But "[t]he Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures." *Castro v. Spearman*, No. C 14-465 SI (PR), 2014 WL 7146843, at *3 (N.D. Cal. Dec. 15, 2014) (citing *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994)). Plaintiff therefore fails to state a claim with respect to this allegation.

### C.　Conspiracy Claim

The allegations in the FAC are preceded by the phrase "conspiracy support list." (*See* Dkt. No. 6 at 3-4.) To the extent that Plaintiff intends to allege a conspiracy among Defendants, he must allege specific facts to support the existence of a conspiracy. *See Burns*, 883 F.2d at 821 (9th Cir. 1989). As currently pleaded, Plaintiff asserts a series of events by multiple Defendants,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: ED CV 18-01505 AB (RAO)          Date: September 25, 2018
Title:      Hicks v. Doe, et al.

but he does not allege any facts regarding an agreement between Defendants to commit wrongful acts. *See Gilbrook*, 177 F.3d at 856-57. Plaintiff thus fails to properly plead a conspiracy.

### D. Leave to Amend

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has further stated that a district court should grant leave to amend "if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (citing *Balistreri*, 901 F.2d at 709).

Plaintiff has had one prior opportunity to amend his complaint. The Court finds that it appears possible for Plaintiff to correct some of the defects described above. Accordingly, the Court will grant Plaintiff an additional opportunity to amend his complaint.

### V. CONCLUSION

In light of the foregoing, the Court hereby **DISMISSES** the FAC with leave to amend.

If Plaintiff intends to pursue this matter, he shall file a "Second Amended Complaint" by **October 25, 2018**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice. Any amended complaint must: (a) be labeled "Second Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint or FAC, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that individual's conduct violated Plaintiff's civil rights.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a Second Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | ED CV 18-01505 AB (RAO) | Date: | September 25, 2018 |
| Title: | Hicks v. Doe, et al. | | |

**Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of a Second Amended Complaint if he elects to proceed in that fashion.**

**IT IS SO ORDERED.**

<u>Attachments:</u>
Notice of Dismissal
Form CV-66